UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------X

JOSEPH CARY,

     Plaintiff,    17 Civ. 6443

 -against-        OPINION

CITY OF NEW YORK, et al.,

     Defendants.

------------------------------------X

A P P E A R A N C E S:

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/27/18

Pro Se Plaintiff

JOSEPH L. CARY
17R2602
Ulster Correctional Facility
P.O. Box. 800
Napanoch, NY 12458

Attorneys for Defendants

ZACHARY W. CARTER
Corporation Counsel of the City of New York
100 Church Street
New York, NY 10007
By: Christopher Ferreira, Esq.

**Sweet, D.J.**

Defendant the City of New York (the "City" or the "Defendant"), on its behalf and on behalf of Jane Doe and John Doe, has moved pursuant to Federal Rule of Civil Procedure 12(b)(6) to dismiss the *pro se* complaint (the "Complaint") of plaintiff Joseph Cary ("Cary" or the "Plaintiff"), in which the Plaintiff alleges that he was subjected to unconstitutional conditions of confinement while held in an intake area at Riker's Island for a five-day period from July 13, 2017 to July 18, 2017. Based on the facts and conclusions set forth below, the City's unopposed motion to dismiss is granted.

## I. Facts & Prior Proceedings

Plaintiff filed the Complaint on August 7, 2017, alleging that he was subjected to unconstitutional conditions of confinement while held in an intake area at Riker's Island for a five-day period from July 13, 2017 to July 18, 2017.[1]

---

[1] "Under the so-called 'prison mailbox rule,' a *pro se* prisoner's papers are deemed filed when they are handed over to prison officials for forwarding to the Court." *See Simmons v. Cripps*, No. 12-CV-106, 2013 WL 1290268, at *4 n.5 (S.D.N.Y. Feb. 15, 2013) (citing *Houston v. Lack*, 487 U.S. 266, 270 (1988)) (finding that the plaintiff's complaint was deemed filed the day it was signed by the plaintiff). Plaintiff signed the Complaint on August 7, 2017, and therefore is considered to have filed the Complaint on that date.

1

In his Complaint, Plaintiff alleges that he arrived at Rikers Island on July 13, 2017 after being sentenced to five days in jail for smoking in a park. On July 14, 2017, Plaintiff was taken to a court hearing, and upon his return to Rikers Island, he was placed in a "hot, dirty, overcrowded cell where the toilet didn't flush," and that featured a "nose pinching, stomach turning smell" while he awaited housing. Plaintiff alleges that on July 15, 2017, he complained to unnamed officers that he had not yet been housed, that he had "heat sensitive conditions," that he had been placed in the wrong building, and that he could "no longer withstand the overcrowded, dirty, and smelling cell because of [his] heat sensitive condition." That same day, Plaintiff blacked out in his cell due to his heat sensitivity. Plaintiff alleges that after he was awoken by a fellow inmate, his nose began to bleed, and that a fellow inmate informed a correction officer on duty of his condition. The officer called for medical assistance twice but received no answer, and although she had "no knowledge" of his blackout, the officer tended to him with "care and concern."

Plaintiff further alleges that he was escorted to the clinic approximately two and a half hours after his blackout incident. Plaintiff saw a prison doctor, and he informed the doctor of his blackout event and that his head hurt. The doctor

2

informed him that his nose bleed was the most pressing problem, but that if Plaintiff wanted his head looked at, the doctor would set up an appointment and offer the Plaintiff pain killers. Plaintiff declined both offers for treatment.

After seeing the doctor, Plaintiff was escorted to a different cell "closer to the entrance," where the escorting officer told Plaintiff that he could "get some clean air" because the "outside door was open." Sometime shortly after 6 pm on July 15, 2017, Plaintiff was transferred to the C95 building at Rikers Island, and around 7 pm, he was placed in cell #4, where he awaited housing. Plaintiff stayed in cell #4 in the C95 building from the evening of July 15, 2017 until the morning of July 17, 2017, when he "was moved from the clean cell [he] was in with one other inmate into an overcrowded, dirty, smelling cell where the toilet didn't flush once again." Plaintiff further alleges that, from July 17, 2017 to shortly after 1 am on July 18, 2017, he was unable to "groom himself properly" or "speak to his family," and that he had been unable to sleep due to "the fact of cutting and stabbing and not knowing or trusting people," which allegedly "kept him on his feet." Plaintiff was held in this cell until shortly after 1 am on July 18, 2017, when he was housed in the "18 Lower 'B' Side" housing unit.

Defendant filed the instant motion to dismiss on January 2, 2018, and the motion was marked fully submitted on February 14, 2018. No opposition or request for extension was received from the Plaintiff.

## II. The Applicable Standard

On a Rule 12(b)(6) motion to dismiss, all factual allegations in the complaint are accepted as true and all inferences are drawn in favor of the pleader. *Mills v. Polar Molecular Corp.*, 12 F.3d 1170, 1174 (2d Cir. 1993). A complaint must contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663 (quoting *Twombly*, 550 U.S. at 556). In other words, the factual allegations must "possess enough heft to show that the pleader is entitled to relief." *Twombly*, 550 U.S. at 557 (internal quotation marks omitted).

4

While "a plaintiff may plead facts alleged upon information and belief 'where the belief is based on factual information that makes the inference of culpability plausible,' such allegations must be 'accompanied by a statement of the facts upon which the belief is founded.'" *Munoz-Nagel v. Guess, Inc.*, No. 12 Civ. 1312 (ER), 2013 WL 1809772, at *3 (S.D.N.Y. Apr. 30, 2013) (quoting *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120 (2d Cir. 2010)); *Prince v. Madison Square Garden*, 427 F. Supp. 2d 372, 384 (S.D.N.Y. 2006); *Williams v. Calderoni*, 11 Civ. 3020 (CM), 2012 WL 691832, at *7 (S.D.N.Y. Mar. 1, 2012)). The pleadings, however, "must contain something more than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Twombly*, 550 U.S. at 555 (citation and internal quotation omitted).

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." *DiFolco v. MSNBC Cable L.L.C.*, 622 F.3d 104, 111 (2d Cir. 2010).

5

## III. The Defendant's Motion to Dismiss Plaintiff's Complaint Is Granted

Construing the Complaint liberally, the Plaintiff has failed to state any claim upon which relief may be granted. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004) (citation omitted) ("[W]hen the plaintiff proceeds *pro se*, as in this case, a court is obliged to construe his pleadings liberally, particularly when they allege civil rights violations."). The City has submitted authorities sufficient to establish that Cary has failed to exhaust administrative remedies as required by the Prison Litigation Reform Act (the "PLRA"), 42 U.S.C. § 1997(e)(a); to allege facts showing that the Defendants acted with deliberate indifference to Plaintiff's health and safety or to a serious medical condition; to allege facts showing that Plaintiff's alleged injury arose from some official policy or practice giving rise to municipal liability; and to participate in a physical, as required by the PLRA, 42 U.S.C. § 1997(e)(c).

The PLRA provides, in relevant part, that "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983] or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such

6

administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As such, exhaustion of administrative remedies is a prerequisite to the present suit. *See Porter v. Nussle*, 534 U.S. 516, 524 (2002); *see also Simmons*, 2013 WL 1290268, at *7 (noting that Plaintiff's failure to exhaust administrative remedies is an affirmative defense). "Where . . . a plaintiff concedes lack of exhaustion, or non-exhaustion is otherwise apparent from the face of the complaint, the Court may decide the exhaustion issue on a Rule 12(b)(6) motion to dismiss." *Simmons*, 2013 WL 1290268, at *8. Moreover, "dismissal on the basis of failure to exhaust is mandatory, [and] an inmate's claims can only proceed . . . if, as to each claim, he has exhausted all available administrative remedies, including all appellate remedies provided within the [New York City Department of Correction] system." *Id.*, at *7.

Here, the relevant administrative procedures are as follows. The Department of Correction's Inmate Grievance and Request Program ("IGRP"), set forth in Department of Correction Directive 3376, requires inmates who wish to file a grievance to submit a form to grievance staff within ten business days of the incident giving rise to the grievance.² *See Garvin v. Rivera*, No.

---

² Judicial notice has been taken of the IGRP and the foregoing materials related to the procedures for exhausting administrative remedies. *See* Fed. R. Evid. 201 ("A judicially noticed fact must be one not subject to reasonable

7

13-CV-7054, 2015 WL 876464, at *3 (S.D.N.Y. Feb. 28, 2015). Within five business days of receiving the form, grievance staff must provide an informal resolution, (see IGRP § IV(G)(1)), after which the inmate will have five business days to appeal and request a formal hearing, (see IGRP § IV(G)(5)(b)). The formal hearing is conducted before the Inmate Grievance Resolution Committee, which issues a written disposition within five business days. (See IGRP § IV(I)(2).) Finally, within five business days of the commanding officer's decision, an inmate may appeal to the Central Office Review Committee, which must render a disposition within fifteen days of receipt of the appeal. (See IGRP § IV(J)(5).) "[A]n inmate may appeal if he does not receive a timely disposition at any stage" of the process. *Garvin*, 2015 WL 876464, at *3 (internal quotation marks omitted). "The administrative process is complete only when the [Central Office Review Committee] has issued its disposition." *Id.*

Plaintiff has failed to exhaust all available administrative remedies before commencement of the instant suit,

---

dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."); *see also Christman v. Skinner*, 468 F.2d 723, 726 (2d Cir. 1972) (holding it proper for trial court to take judicial notice of state prison regulations concerning books and magazines).

thus dismissal is mandatory. The time period pertaining to
Plaintiff's underlying grievances is July 13, 2017 to July 18,
2017. Plaintiff signed his Complaint on August 7, 2017, and
mailed it on August 21, 2017. Therefore, even if Plaintiff acted
expeditiously, it would take approximately five or six weeks
from the filing of the initial grievance to complete the
mandated grievance process. Even assuming Plaintiff filed his
grievance on July 13, 2017, and if there was no delay at any
stage of the process, it would have been impossible for
Plaintiff to proceed through the entire grievance process,
including all appeals, before Plaintiff filed the Complaint on
August 7, 2017. Accordingly, Plaintiff has failed to exhaust his
administrative remedies, and on this basis alone, Defendant's
motion is granted and the Complaint is dismissed without
prejudice. *See Price v. City of New York*, No. 11 Civ. 6170
(TPG), 2012 WL 3798227, at *3 (S.D.N.Y. Aug. 30, 2012) (holding
that it would have been impossible for the plaintiff to have
pursued his grievance through all steps of the procedure in the
21 days between the alleged incident and the filing of his
complaint).

Moreover, based on the City's authorities, which are
are appropriate and unopposed, Cary has similarly failed to
state a claim under federal law relating to Defendant's alleged

deliberate indifference to Plaintiff's serious medical condition; to demonstrate that Plaintiff's injury arose from some official policy or practice giving rise to municipal liability; and, to sufficiently allege that Plaintiff has suffered a physical injury, as required by the PLRA. Because Plaintiff has failed to state a claim arising under federal law, Plaintiff's request that supplemental jurisdiction be extended over his state law claims is declined.

IV. **Conclusion**

For the foregoing reasons, the Defendant's motion to dismiss is granted, and the Complaint is dismissed without prejudice.

It is so ordered.

New York, NY
March 27, 2018

ROBERT W. SWEET
U.S.D.J.